USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 27 AUG 2009

EATON & VAN WINKLE LLP
3 PARK AVENUE
NEW YORK, NEW YORK 10016

WEST PALM BEACH, FLORIDA OFFICE
TELEPHONE: (561) 748-7740
FAX: (561) 744-8754
Martin S. Garbus
Counsel

Direct Dial: +1.212.561.3625
Email: mgarbus@evw.com

(see Local Civil Rule 1.4)

August 25, 2009

**Via Email (CrottyNYSDChambers@nysd.uscourts.gov)**
Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
Chambers 735
New York, NY 10007-1312

[Handwritten endorsement: This matter has been long delayed and when the Court entered its last order extending plaintiffs' time for responding by three weeks, the Court cautioned there would be no further extension. Accordingly the requests of August 25, 2009 (2) and August 26 are DENIED. Counsel is not relieved; and the Court will proceed to decide this matter when it is fully briefed on the schedule previously set. If plaintiffs retain new counsel, they need to file notice of appearance and to comply with the existing schedule. So ordered. Paul Crotty USDJ 8/27/09]

Re:   Abadin, et al. v. Marvel Entertainment, Inc., et al., 09-CV-0715 (PAC)

Dear Judge Crotty:

    I am counsel to the law firm of Eaton & Van Winkle LLP ("EVW"), attorneys for plaintiffs in the captioned action. I write this letter to advise Your Honor that plaintiffs have just advised me that they are discharging me and EVW as their counsel in this matter. I do not know whether plaintiffs have already retained or intend to retain new counsel (who would presumably seek leave from Your Honor ordering the substitution pursuant to Local Civil Rule 1.4). Nonetheless, I thought it advisable to immediately advise Your Honor of these facts since plaintiffs' opposition to the motions of defendant Marvel Entertainment, Inc. and of defendants Stan Lee and Arthur Lieberman, respectively, must presently be filed by Tuesday, September 8, 2009. (The original briefing schedule had required that opposition be filed by August 17, 2009, but Your Honor granted plaintiffs a three week extension of time by endorsed letter filed August 10, 2009.)

    At this time, at the request of plaintiffs, I respectfully request that the pending motions be held in abeyance for forty (40) days pending formal substitution of counsel and to permit any such substituted counsel time to familiarize themselves with the matter. I look forward to Your Honor's instruction and directive as to how best to proceed.

Respectfully submitted,

Martin S. Garbus

cc (by email): David Fleischer, Esq.
                Steven J. Shore, Esq.

**MEMO ENDORSED**

# Eaton & Van Winkle LLP

WEST PALM BEACH, FLORIDA OFFICE
TELEPHONE: (561) 748-7740
FAX: (561) 744-8754
Martin S. Garbus
Counsel

3 PARK AVENUE
NEW YORK, NEW YORK 10016

TELEPHONE: (212) 779-9910
FAX: (212) 779-9928

Direct Dial: +1.212.561.3625
Email: mgarbus@evw.com

August 25, 2009

**Via Email (CrottyNYSDChambers@nysd.uscourts.gov)**
Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
Chambers 735
New York, NY 10007-1312

      Re:    *Abadin, et al. v. Marvel Entertainment, Inc., et al.*, 09-CV-0715 (PAC)

Dear Judge Crotty:

      I am counsel to the law firm of Eaton & Van Winkle LLP ("EVW"), attorneys for plaintiffs in the captioned action.

      I write this letter application in follow-up to my earlier letter today to the Court.

      I write to advise the Court that, upon further reflection, I believe it would be appropriate for me to clarify the situation so that the plaintiffs' interests are sufficiently protected as they seek to retain new counsel.

      Unfortunately, irreconcilable differences have arisen between EVW and plaintiffs, which has led to EVW's discharge.

      Due to such irreconcilable differences, EVW is no longer able to prepare appropriate papers for plaintiffs in opposition to defendants' pre-answer motions to dismiss, whether for the current September 8, 2009 date or at any other time.

      Under the circumstances, and in order to protect plaintiffs' interests, it is respectfully requested that the Court so-order this letter application seeking the following relief:

      1.    EVW is relieved as attorney for plaintiffs in the captioned action, effective immediately; and

      2.    Plaintiffs shall have a period of 40 days during which to retain new counsel, have new counsel familiarize itself with this action and get up to speed, and to file appropriate papers for plaintiffs. If plaintiffs fail to do so within such 40 day period, then plaintiffs shall be deemed in default of defendants' pre-answer motions to dismiss.

Honorable Paul A. Crotty
August 25, 2009
Page 2

    I am advised that plaintiffs will not object to this letter-application and that plaintiffs intend to act expeditiously to retain new counsel to protect their interests.

    I have not contacted defendants' counsel for their views on this letter application. Hopefully, defendants' counsel will appreciate that irreconcilable differences sometimes arise between an attorney and a client, and that the appropriate course of action under such circumstances is for the client's interests to be protected during a reasonable time period when new counsel is obtained, familiarizes itself with the case, and files appropriate papers for the client. In order to avoid unfair prejudice to defendants, this letter application requires plaintiffs to complete all steps during an attorney transition process during the next 40 days and, if plaintiffs fail to do so, then plaintiffs shall be deemed in default of defendants' pre-answer motions to dismiss.

    Thank you.

                                   Respectfully submitted,

                                   Martin S. Garbus

cc (by email): David Fleischer, Esq.
                 Steven J. Shore, Esq.

**Paul Hastings**

Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 East 55th Street
First Floor
New York, NY 10022
telephone 212-318-6000 • facsimile 212-319-4090 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(212) 318-6210
davidfleischer@paulhastings.com

August 26, 2009

42256.00068

**VIA EMAIL (CROTTYNYSDCHAMBERS@NYSD.USCOURTS.GOV)**

Hon. Paul A. Crotty
United States District Judge
Daniel P. Moynihan United States Courthouse
Room 735
500 Pearl Street
New York, NY 10007-1312

Re:   *Abadin v. Marvel Entertainment, Inc. et al.*, 09-CV-0715 (PAC) –
      Marvel's response to Martin Garbus' August 25, 2009 letters

Dear Judge Crotty:

My firm represents defendant Marvel Entertainment, Inc. ("Marvel"). I write this letter on behalf of Marvel in response to two letters dated August 25, 2009 to Your Honor from Martin Garbus, counsel for plaintiffs, seeking (1) to be relieved as plaintiffs' attorneys and (2) a further extension of plaintiffs' time to file papers in opposition to defendants' motions to dismiss. As Your Honor will recall, this is not the first time "irreconcilable differences" have arisen between Peter F. Paul, Christopher Belland and their colleagues on one hand and on the other hand counsel engaged to prosecute claims against Marvel, purportedly on behalf of Stan Lee Media, Inc. In light of the tortured history of the claims asserted by plaintiffs in this action, Marvel's goal at this juncture is to obtain a disposition of those claims with prejudice. Since there is no assurance that plaintiffs will be able to engage new counsel, Marvel opposes Mr. Garbus' request to be relieved as counsel until defendants' pending motions have been submitted to Your Honor for decision.

On August 6, 2009 Mr. Garbus requested an additional three weeks to submit papers in opposition to defendants' pending motions to dismiss. Your Honor granted his request and informed plaintiffs there would be no further extensions. Mr. Garbus does not address when the "irreconcilable differences" with his clients arose, but even assuming he was unaware of these differences when he requested and received additional time to respond to defendants' motions, he fails to identify any conflict or other reason that would prevent him from effectively preparing and submitting papers in opposition to defendants' motions to dismiss. It can safely be presumed that Mr. Garbus and his firm have already devoted a substantial amount of time in developing plaintiffs' opposition

**PaulHastings**

Hon. Paul A. Crotty
August 26, 2009
Page 2

papers; he has been aware of grounds for defendants' motions since at least May 22 when the pre-motion letters regarding the amended complaint were served and has been in possession of defendants' motion papers themselves since July 20.

Rule 1.4 of the Local Civil Rules provides that an order relieving an attorney "may be granted upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." I respectfully submit that Mr. Garbus' letters fail to make the required showing, particularly in light of the prejudice to Marvel and the other defendants if he is relieved before defendants' pending motions to dismiss have been fully submitted. *See, e.g., Lomonier v. Sojuzplodoimport, Pepsico, Inc.*, No. 90 Civ. 0548, 1990 WL 116760 (S.D.N.Y. Aug. 3, 1990).

Mr. Garbus enthusiastically entered the fray on behalf of Mr. Paul and Mr. Belland at least one year ago and was doubtless aware of the risk of finding himself in the same position as the attorneys he was replacing. On plaintiffs' behalf he has filed two complaints in this action. Marvel has devoted considerable time and energy and has incurred considerable expense in preparing its motion to dismiss. It should not have to address another do-over complaint resulting from a dismissal without prejudice if plaintiffs are unable to engage substitute counsel.

Respectfully yours,

David Fleischer
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

cc:  Martin Garbus, Esq. (via email)
     Steven J. Shore, Esq. (via email)

LEGAL_US_E # 84869320.2

EATON & VAN WINKLE LLP

WEST PALM BEACH, FLORIDA OFFICE
TELEPHONE: (561) 748-7740
FAX: (561) 744-8754

3 PARK AVENUE
NEW YORK, NEW YORK 10016

TELEPHONE: (212) 779-9910
FAX: (212) 779-9928

Martin S. Garbus
Counsel

Direct Dial: +1.212.561.3625
Email: mgarbus@evw.com

August 26, 2009

**Via Email (CrottyNYSDChambers@nysd.uscourts.gov)**
Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
Chambers 735
New York, NY 10007-1312

    Re:    *Abadin, et al. v. Marvel Entertainment, Inc., et al.*, 09-CV-0715 (PAC)

Dear Judge Crotty:

    I write in response to an emailed letter, dated August 26, 2009, submitted by counsel for the Marvel Defendants in opposition to my letter application. I have not received opposition to my letter application from counsel for defendants Stan Lee and Arthur Lieberman.

    I respectfully request that Your Honor accept this response in further support of my letter application yesterday (a) to be relieved as counsel for plaintiffs due to irreconcilable differences, which I will address further below, (b) to allow plaintiffs to have forty (40) days during which to retain new counsel, have new counsel familiarize itself with this action and get up to speed, and to file appropriate papers for plaintiffs and (c) if plaintiffs fail to do so within such forty (40) day period, then plaintiffs shall be deemed in default of defendants' motion to dismiss.

    It appears that the last sentence of opposing counsel's letter contains the purported "reason" why the Marvel Defendants oppose my letter application: "It [Marvel] should not have to address another do-over complaint resulting from a dismissal without prejudice if plaintiffs are unable to engage substitute counsel."

    Contrary to opposing counsel's assertion, plaintiffs are not seeking a dismissal "without prejudice" of this action. Instead, my letter application specifically provides that if papers are not filed by new counsel for plaintiffs within forty (40) days, then plaintiffs shall be deemed in default of defendants' motion to dismiss. Presumably, such default, if it were to occur, would cause Marvel to contend that plaintiffs' claims have been dismissed "with prejudice," which appears to be the objective that Marvel is seeking so ardently at this pre-answer stage of the action.

Honorable Paul A. Crotty
August 26, 2009
Page 2

    Opposing counsel's letter conveniently neglects to address the fact that my letter application is conditioned upon the requirement that plaintiffs shall be deemed in default of defendants' motion to dismiss if new counsel fails to file papers within the next forty (40) days. I included this condition in an effort to obviate any assertion of "unfair prejudice" to Marvel at this pre-answer stage of the action.

    I respectfully submit that this important condition in my letter application obviates any "unfair prejudice" to Marvel. Indeed, despite the central importance of this condition to my letter application, opposing counsel's letter ignores the same.

    I wish to assure the Court that the irreconcilable differences between my firm and plaintiffs have just arisen and, as a result, I immediately filed my letter application with an express condition that plaintiffs shall be deemed in default of defendants' motion to dismiss if new counsel fails to file papers within the requested forty (40) day period.

    I also respectfully submit that my letter application should be granted in light of Marvel's litigation tactics during this case. As a practical matter, it appears that Marvel benefited greatly from having a period of approximately six (6) months during which to prepare the extensive papers it ultimately filed on July 20, 2009 in support of its pre-answer motion to dismiss. After this case was commenced in January 2009, and in response to Marvel's initial pre-motion letter, my firm courteously sought to streamline the nature of the issues and claims in this case, pursuant to which several plaintiffs and several defendants were dropped. Presumably, Marvel appreciated that gesture as it provided its consent to the same. However, instead of answering the amended complaint filed by my firm and subjecting itself to discovery on numerous facts and circumstances under its control, Marvel has again sought to avoid the merits by ultimately filing its extensive papers on July 20, 209 in support of its pre-answer motion to dismiss.

    Plaintiffs have advised me that they do not object to my letter application, and that they agree with the condition that I have imposed deeming plaintiffs in default of the motion to dismiss if they fail to have new counsel file papers within the requested forty (40) day period.

    It is respectfully requested that Your Honor so-order and approve my letter application in protection of the interests of the plaintiffs.

                                        Respectfully submitted,

                                        Martin S. Garbus

cc (by email): David Fleischer, Esq.
              Steven J. Shore, Esq.