```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
                         EATON & VAN WINKLE LLP               DOC #: _____
WEST PALM BEACH, FLORIDA OFFICE    3 PARK AVENUE              DATE FILED: 27 AUG 2009
   TELEPHONE: (561) 748-7740    NEW YORK, NEW YORK 10016
      FAX: (561) 744-8754

Martin S. Garbus                                              Direct Dial: +1.212.561.3625
Counsel                                                       Email: mgarbus@evw.com
```

August 27, 2009

**Via Email (CrottyNYSDChambers@nysd.uscourts.gov)**
Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
Chambers 735
New York, NY 10007-1312

*[Handwritten endorsement:] The Court has already ruled on this matter. See endorsement on the 2 letters of August 25, 2009 and August 26, 2009. So ordered. [signed] Paul Crotty USDJ 8/27/09*

Re:   *Abadin, et al. v. Marvel Entertainment, Inc., et al.*, 09-CV-0715 (PAC)

Dear Judge Crotty:

I write in response to an emailed letter, dated August 27, 2009, submitted by counsel for defendants Stan Lee and Arthur Lieberman in opposition to my letter application.

I regret the need to burden the Court with this response. Unfortunately, I believe have a duty to do so to protect the interests of the plaintiffs, due to the current time exigencies in this action and due to the tag-team approach whereby the different defendants have elected to stagger the submission of their respective opposition to my letter application. Therefore, I respectfully request that Your Honor accept this response in further support of my letter application (a) to be relieved as counsel for plaintiffs due to irreconcilable differences, (b) to allow plaintiffs to have forty (40) days during which to retain new counsel, have new counsel familiarize itself with this action and get up to speed, and to file appropriate papers for plaintiffs and (c) if plaintiffs fail to do so within such forty (40) day period, then plaintiffs shall be deemed in default of defendants' motions to dismiss.

Like the Marvel Defendants, it appears that the purported "reason" for the Lee-Lieberman Defendants' opposition involves their ardent wish to avoid a dismissal without prejudice of this action: "Under all the circumstances surrounding this matter, we [the Lee-Lieberman Defendants] are concerned that the timing of the requests for leave to withdraw and for a further extension of time may represent an attempt to avoid disposition of this action on its merits."

As I stated in my letter yesterday, and contrary to opposing counsel's assertion, plaintiffs are not seeking a dismissal "without prejudice" of this action. Instead, my letter application specifically provides that if papers are not filed by new counsel for plaintiffs within forty (40) days, then plaintiffs shall be deemed in default of defendants' motion to dismiss. Presumably, such default, if it were to occur, would cause all Defendants to contend that

*[Vertical text left margin:]* MEMO ENDORSED
*[Vertical text right margin:]* MEMO ENDORSED

plaintiffs' claims have been dismissed "with prejudice," which appears to be the objective that all Defendants are seeking so ardently at this pre-answer stage of the action.

Significantly, if this case were to be involuntarily dismissed at the pre-answer stage, whether due to plaintiffs' potential default on the Defendants' motions or after full briefing from plaintiffs' new counsel, such involuntary dismissal would have the same preclusive effect under either of those situations. In other words, it is respectfully submitted that a forty (40) day time period, during which plaintiffs must retain new counsel and have such new counsel get up to speed and file appropriate papers, would have no adverse effect on the Defendants' ability to maintain that any involuntary dismissal of this case should preclude any further litigation of the underlying claims.

As I stated in my letter yesterday, I respectfully submit that the conditioning of my letter application upon the requirement that plaintiffs shall be deemed in default of Defendants' motions to dismiss if new counsel fails to file papers within the next forty (40) days serves to obviate any "unfair prejudice" to Defendants.

I have assured the Court that the irreconcilable differences between my firm and plaintiffs have just arisen and, as a result, I immediately filed my letter application with an express condition that plaintiffs shall be deemed in default of Defendants' motions to dismiss if new counsel fails to file papers within the requested forty (40) day period. In my view, those irreconcilable differences involve matters which are privileged from disclosure to Defendants. Having said that, if the Court would like to be apprised about such irreconcilable differences in connection with its determination of my letter application, then I am prepared to disclose the same to the Court *en camera*.

Defendants' expressed "concerns" about Peter Paul, who is not one of the suing plaintiffs in this action, is legally irrelevant to my letter application, as well as either inaccurate and/or misleading. The actual derivative shareholder plaintiffs in this action (Jose Abadin and Christopher Belland) together with the company on whose behalf they have sued derivatively (Stan Lee Media, Inc.) do not suffer from Defendants" concerns" about Peter Paul. It unfortunately appears that Defendants would prefer the Court to render legal rulings on the basis of inaccurate and/or misleading innuendo regarding a non-party than on the basis of the actual facts and controlling law applicable to a determination of whether, inter alia, the company's intellectual property assets have been looted by Stan Lee, Arthur Lieberman and others acting in tandem with them.

Indeed, as Your Honor will recall, on January 20, 2009, United States District Court Judge Stephen Wilson indicated that Stan Lee and others acting in tandem with him had engaged in fraudulent conduct in unlawfully seeking to transfer intellectual property assets out of the company.

As I stated in my letter yesterday, I also respectfully submit that my letter application should be granted in light of the Defendants' litigation tactics during this case. As a practical matter, it appears that the Defendants benefitted greatly from having a period of approximately six (6) months during which to prepare the extensive papers they ultimately filed on July 20,

Honorable Paul A. Crotty
August 27, 2009
Page 3

2009 in support of their respective pre-answer motions to dismiss. After this case was commenced in January 2009, and in response to Defendants' initial pre-motion letters, my firm courteously sought to streamline the nature of the issues and claims in this case, pursuant to which several plaintiffs and several defendants were dropped. Presumably, Defendants appreciated that gesture as they provided their consent to the same. However, instead of answering the amended complaint filed by my firm and subjecting itself to discovery on numerous facts and circumstances under their control, Defendants have again sought to avoid the merits by ultimately filing their extensive papers on July 20, 2009 in support of their respective pre-answer motions to dismiss.

Plaintiffs have advised me that they do not object to my letter application, and that they agree with the condition that I have imposed deeming plaintiffs in default of the motion to dismiss if they fail to have new counsel file papers within the requested forty (40) day period.

It is respectfully requested that Your Honor so-order and approve my letter application in protection of the interests of the plaintiffs.

Respectfully submitted,

Martin S. Garbus

cc (by email): David Fleischer, Esq.
Steven J. Shore, Esq.

**GANFER & SHORE, LLP**

360 LEXINGTON AVENUE

NEW YORK, NEW YORK 10017

TELEPHONE (212) 922-9250
TELECOPIER (212) 922-9335

Steven J. Shore, Esq.
   ext. 243
sshore@ganfershore.com

August 27, 2009

**BY E-MAIL**

Honorable Paul A. Crotty, U.S.D.J.
United States District Court for
 the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

> Re: Abadin v. Marvel Entertainment, Inc., No. 09 Civ. 0715 (PAC) –
> **Response to Letters from Plaintiffs' Counsel Requesting Leave to Withdraw**

Dear Judge Crotty:

We represent Defendants Stan Lee and Arthur Lieberman in this action. We write in response to the series of letters from Martin Garbus, Esq. to Your Honor (two sent on August 25 and one on August 26), requesting leave to withdraw as counsel to Plaintiffs and an additional 40-day extension of Plaintiffs' time to respond to Defendants' pending motions to dismiss. On behalf of Messrs. Lee and Lieberman, we oppose these requests, particularly in the absence of the designation and formal substitution of a successor as Plaintifs' counsel.

As the Court is aware, this is not the first action in which Plaintiffs and persons affiliated with them have sought to pursue claims against Stan Lee arising from Mr. Lee's brief affiliation with Stan Lee Media, Inc. ("SLMI"). These individuals affiliated with Plaintiffs include Peter F. Paul, the individual who is about to begin serving a 10-year federal prison sentence for securities fraud in connection with trading in SLMI stock. Mr. Paul is listed as a "cc" recipient along with Plaintiff Belland (but not Plaintiff Abadin) on both of Mr. Garbus's August 25 transmittal e-mails to us, confirming Mr. Paul's status as the real principal and decision-maker behind this litigation.

For the past several years, Plaintiffs and others affiliated with Mr. Paul have embroiled Mr. Lee in multiple legal proceedings in a series of jurisdictions. The litigation and the spate of press releases and internet postings surrounding it by Mr. Garbus and by Mr. Paul have seriously disrupted Mr. Lee's life and his business and creative activities. It is submitted that at this point, some eight years after Mr. Lee terminated his affiliation with SLMI, he and the other Defendants

**GANFER & SHORE, LLP**

Honorable Paul A. Crotty, U.S.D.J.
August 27, 2009
Page 2

are entitled to a resolution of this action that will fully and finally resolve the claims asserted by Plaintiffs, in a manner that will preclude further litigation based upon these spurious claims, or any other claims that could have been asserted in this action.

Mr. Garbus's request that he and his firm be relieved as counsel places this legitimate objective at risk. It is noteworthy that Mr. Garbus's letters do not discuss, even in general terms, the nature of the "irreconcilable differences" that have allegedly developed between himself and his clients. It is difficult to imagine substantive differences that could have suddenly arisen between Plaintiffs and their counsel at this juncture, given that the only activity in the case at this stage is briefing on motions to dismiss that were filed on July 20, 2009, more than one month ago, and that almost all the issues raised in the motions were discussed in pre-motion letters that Defendants submitted well before that. Moreover, entirely absent from Mr. Garbus's letter submission is any affidavit in compliance with this Court's Local Rule 1.4, or any documentation from the Plaintiffs themselves confirming that they wish to change their counsel or to delay resolution of the motions to dismiss in connection with their doing so.

Under all the circumstances surrounding this matter, we are concerned that the timing of the requests for leave to withdraw and for a further extension of time may represent an attempt to avoid disposition of this action on its merits. In this regard, Mr. Garbus' most recent letter dated August 26, 2009 suggests that a dismissal of this action following plaintiffs' failure to appear by new counsel would have a preclusive effect on a subsequent suit that might later be filed by a new derivative plaintiff, but this is not at all clear. Defendants are entitled to a disposition – and, we submit, to a dismissal – of this case based on the merits of their motions to dismiss, thus precluding any further litigation once and for all.

Accordingly, we ask the Court to deny counsel's application to be relieved, until such time as Plaintiffs have engaged successor counsel prepared to respond to the motion to dismiss on a timely basis.

We are available for a conference or telephone conference to address these issues, if the Court so desires.

Respectfully,

Steven J. Shore

cc:   Martin Garbus, Esq. (by e-mail)
      David Fleischer, Esq. (by e-mail)
      Mr. Stan Lee (by e-mail)
      Arthur M. Lieberman, Esq. (by e-mail)