USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 31, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOSE ABADIN and CHRISTOPHER BELLAND, :
derivatively on behalf of Stan Lee Media, Inc., a
Colorado corporation,                              :        09 Civ. 0715 (PAC)

              Plaintiffs,                 :        <u>ORDER</u>

  -against-                                       :

MARVEL ENTERTAINMENT, INC., a Delaware :
corporation, MARVEL ENTERPRISES, INC.,
STAN LEE and ARTHUR M. LIEBERMAN,       :

              Defendants.                 :

------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

This matter has been pending in a variety of federal and state fora for several years. In <u>Stan Lee Media, Inc. v. Marvel Entertainment, Inc., et al.</u>, 07 Civ. 2238 (PAC), Plaintiff sought to compel Marvel to account for profits on the theory that Stan Lee Media, Inc. ("SLMI") possessed certain ownership rights which Marvel and Stan Lee were using. The corporate plaintiff, however, had been dissolved pursuant to Colorado law; and its shareholders had failed in their attempts to revitalize the Colorado corporation. On September 9, 2008, after granting several adjournments to accommodate the Colorado proceedings, this Court dismissed the action:

> At the conference on August 27, 2008, the Court noted that
> it had granted a number of adjournments to accommodate
> counsel's request to demonstrate that he was authorized to
> appear on behalf of plaintiff Stan Lee Media Inc. The
> current affirmation does not establish that counsel has been
> authorized by the corporate plaintiff to appear on its behalf.

> Accordingly the matter is dismissed without prejudice to its renewal should a properly constituted corporate entity decide to retain counsel and presume whatever requests it may have.  The Clerk is directed to enter judgment [dismissing the action] and close this case without prejudice to its renewal.

Five months later, on January 26, 2009, Plaintiffs commenced this derivative action on behalf of Stan Lee Media, Inc.  The case was referred to the Court as a related case.  The core of the complaint remained essentially the same as the 2007 action: Stan Lee contracted with Stan Lee Enterprises ("SLE") (which later became SLMI) in 1998, and then sold the same rights to the Marvel Defendants.  On March 20, 2009, counsel for Defendants indicated their intent to move to dismiss the 13 claims for relief on a variety of grounds: including failure to satisfy the pleading requirements for a derivative action pursuant to Fed. R. Civ. P. 23.1; statute of limitations; failure to plead fraud with the particularity required by Fed. R. Civ. P. 9(b); and failure to state a claim on which relief may be granted on the balance of the claims for relief.

In light of Defendants' position, Plaintiffs' counsel announced his intention to amend the complaint, adding the hope that the amendment would moot several of the grounds for the motions to dismiss.  (See Semaya letter of April 8, 2009).  The April 9, 2009 stipulation set a schedule for filing a new complaint by April 28, 2009.  The stipulation "So Ordered" by the Court acknowledged that "Plaintiffs have advised the defendants and the Court that they intend to file an Amended Complaint, which will supercede the existing complaint"; and that "Defendants have no obligation to further respond to the" January, 2009 complaint—because that complaint was being amended.

2

The Plaintiffs in the Amended Complaint of April 29, 2009 were Jose Abadin and Christopher Belland, derivatively on behalf of Stan Lee Media, Inc. ("SLMI"), a Colorado corporation. They named as defendants Marvel Entertainment, Inc., a Delaware corporation, Marvel Enterprises, Inc., and two individuals: Stan Lee and Arthur Lieberman.[1]  Plaintiffs alleged, on behalf of SLMI, that defendants Marvel and Lee have been developing, producing, marketing and selling characters initially created by Lee, Lee's interest in which has been assigned and belongs to SLMI, including all of his interest in the name "Marvel." Marvel's financial success derives from characters initially created by Lee. (Verified Amended Complaint, ¶ 25).

Lee assigned his interests to SLMI in October, 1998, but defendants have continuously ignored that assignment (Id. at 27, 43 et seq.); and instead chose to exploit Lee's creation for themselves. On or about November 17, 1998, Lee, in exchange for present and future consideration, and Marvel executed an agreement that conveyed to Marvel the very "property" and "right" that Stan Lee—SLMI agreement had previously transferred to SLMI's predecessors, Stan Lee Entertainment. (Id. at 65).

Based on these allegations, Plaintiffs assert the following 8 counts:

Count I. Copyright Infringement, Unfair Competition, and Declaratory Judgment relief. (As Against Lee)

Count II. Violation of the Lanham Act. (As Against Lee and Marvel)

Count III. Breach of Contract. (As Against Lee)

---

[1] On April 27, 2009, in anticipation of the Amended Complaint, the Court entered an order on consent dismissing two plaintiffs (Thall and Petrovitz), and five defendants (Marvel Characters B.V., Joan Lee, Joan C. Lee, Isaac Perlmutter, and Avi Arad) who were parties to the January Complaint. The caption of the pleading was amended accordingly.

      Count IV.  Tortious Interference with Contract.  (As Against Marvel and Lieberman)

      Count V.  Breach of Fiduciary Duty of Case and Loyalty.  (As Against Lee)

      Count VI.  Aiding and Abetting and/or Conspiracy to Breach Fiduciary Duty of Case and Loyalty.  (As Against Lee, Marvel and Lieberman)

      Count VII.  Constructive Trust.  (As Against All Defendants)

      Count VIII.  Demand for Accounting of Profits.  (As Against All Defendants)

In letters dated May 22, 2009, both groups of Defendants indicated their intention to move to dismiss.  The Marvel Defendants intended to move to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6) and 23.1(b)(1).  As to the derivative claims, Marvel argued that the Plaintiffs had to be shareholders as of the time the transactions complained of occurred.  Since Plaintiffs became shareholders of SLMI in November and December 1999, they could not complain of Stan Lee's entering into an employment agreement with Marvel as of November, 1998.  As to the 5 counts involving Marvel, (Counts II, IV, VI, VII and VIII), Marvel maintains that the pleadings are deficient, devoid of factual content, wholly conclusory, and barred by the statute of limitations.  Lee and Lieberman joined in the Marvel arguments and added additional arguments concerning the statute of limitations, prior class action settlements barring relief here, and inadequate pleadings.

At a conference called to schedule the proposed motions, Plaintiffs' attorney stated he would only need "perhaps three weeks.  I'd be happy to move the schedule up forward to finally get this case moving."  (Tr. of 6/16/09 Hearing,

pg. 12, ll. 11-15).  Three weeks would have resulted in an August 10, 2009 response date; but the Court allowed four weeks; and directed Plaintiffs to file their response on August 17.  On July 20, 2009, the moving defendants timely filed their motions, in accordance with the schedule agreed to at the June 16 conference.  On August 6, notwithstanding his expressed desire "to finally get this case moving," Plaintiffs' attorney asked for a three-week extension.  Defendants opposed the application, pointing out the long delays they had already encountered.  Nonetheless, the Court accommodated the Plaintiffs again and extended their time to file by three weeks, to September 8, 2009.  The Court noted there would be "no further adjournments."  (Docket Entry of August 10, 2009).

On August 25, 2009, Plaintiffs' attorneys wrote two letters to the Court. The first letter advised that counsel had been discharged by the plaintiffs; and he sought a forty-day extension to substitute new counsel.  The second letter explained that irreconcilable differences had risen between the Plaintiffs and their attorneys.  Counsel repeated his request for 40 days for Plaintiffs to obtain new counsel "to get up to speed, and to file appropriate papers for plaintiff."

The Court endorsed the letters on August 27, 2009, as follows:

> "This matter has been long delayed and when the Court entered its last order extending plaintiffs' time for responding by three weeks, the Court cautioned there would be no further extensions.  Accordingly the requests of August 25, 2009 (2) and August 26 are DENIED. Counsel is not relieved (See Local Civil Rule 1.4); and the Court will proceed to decide this matter when it is fully briefed on the schedule previously set.  If plaintiffs retain new counsel, they must (1) file notice of appearance and (2) comply with the existing schedule."

5

On September 1, 2009, new counsel notified the Court of their retention and stated their intention to "file a Second Amended Complaint" prior to September 8, 2009. New counsel claimed they did not need leave of court to file yet another pleading because the first Amended Complaint, filed in April, 2009, was "on consent." Accordingly, new counsel assumed that plaintiffs still had the right to amend, "as a matter of course," pursuant to Rule 15.

On September 8, 2009, new counsel served a Verified Second Amended Complaint. This new pleading added 4 new corporate entities as plaintiffs, 8 corporate and individual defendants, and four new Counts (one for fraud and three for Declaratory Judgments). The heart of this complaint, as with all previous complaints, focuses on Stan Lee's 1998 agreement with Stan Lee Entertainment, SLMI's predecessor, and the subsequent abandonment of that agreement when Stan Lee allegedly took what was SLMI's and entered a new arrangement with the Marvel defendants.

The Court rejects new counsel's argument that the first Amended Complaint of April, 2009 was filed on consent. That argument is based on a complete misunderstanding of what occurred after Defendants indicated their intention in March, 2009 to move to dismiss the January, 2009 pleading.[2] The only item to which defendants consented at that time was the date for filing of the amended complaint. This did not constitute the "opposing party's written consent" to the amendment itself, as new counsel mistakenly urges. It is clear that

---

[2] The January 2009 Complaint was itself a revision of the 2007 complaint which the Court had dismissed in September, 2008. Since SLMI was unable to demonstrate that it had been reestablished pursuant to Colorado law, the lawsuit was brought by two individuals on behalf of SLMI, but the gravamen of the Complaint was the same. The Second Amended Pleading is, in reality, the fourth complaint.

6

plaintiffs' counsel exercised plaintiffs' right to amend as a matter of course, when the First Amended Complaint was filed in April. (See Garbus letter of April 8, 2009, "we proposed to defendants' counsel that a more efficient way to proceed would be for plaintiffs first to file an amended complaint . . ." and the April 9 stipulation "Whereas, plaintiffs have advised Defendants and the Court that they intend to file an Amended Complaint . . .") Having amended at least once, plaintiffs may amend further only with consent of their adversary or with leave of Court.

Obviously, the defendants do not consent to this proposed amended pleading, just as they did not consent to the First Amended Complaint. In the circumstances here, the Court will not grant leave to file the proposed September 8, 2009 Second Amended Complaint. The Court recognizes that leave should be "freely" given, but only "when justice so requires." Here, allowing leave to replead, would work a manifest injustice.

The transaction at issue is now more than a decade old. Plaintiffs have been attempting to initiate the proceeding in this Court now for more than three years; in Colorado Supreme Court for more than half a decade; for three years in U.S. District Court for the Central District of California;[3] and in a bankruptcy

---

[3] There are three cases pending in the Central District of California: QED Productions v. James Nesfield, CV 07-0225 SVW; Stan Lee Media, Inc. v. Stan Lee, et al., CV 07-4438 SVW; and Abadin v. Lee, CV 09-2340. In the QED case, Judge Wilson found that Stan Lee's rights and claims are based on his employment agreement (and its termination) with SLMI. Since SLMI was not a viable corporation under Colorado law, there is no one "to speak on its behalf." Accordingly, Judge Wilson stayed both QED and Stan Lee Media (CV 07-0225; and CV 07-4438), and placed them on his inactive calendar pending the outcome of the Colorado proceeding. The docket sheets for the California cases do not indicate any change in status. When Plaintiffs' counsel last reported on the Colorado proceeding, SLMI's status as a viable corporation had not been restored. The Abadin v. Lee, CV 09-2340, is also a derivative action, which mirrors the Complaint here, and was filed in the beginning of April, 2009. It has been stayed as well, pending the outcome of the motions to dismiss in this proceeding.

proceeding involving SLMI, which began in February, 2001 and continued to December, 2006.  There has also been class action litigation in the Central District of California involving these same parties, as well as a settlement thereof.  Moreover, one of the principle instigators of litigation involving SLMI is a convicted felon who manipulated SLMI's stock.  Finally, the proposed amended pleading is the fourth such pleading dealing with SLMI's allegations against Marvel and Lee here in the Southern District.

"While Federal Rule of Civil Procedure 15(a) states that leave to amend should be granted 'when justice so requires,' motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the nonmoving party."  Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2009) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).  Where the plaintiff was on the "plainest of notice" of the deficiencies in his original complaint, and had previously filed an amended complaint, Judge Friendly held that justice did not require "the busy district court to engage in still a third go-around."  Denny v. Barber, 576 F.2d 465, 471 (2d Cir. 1976).  And this Court has explained that "[u]nder Rule 15(a) plaintiffs have no right to amend their pleadings a second time."  In re Worldcom, Inc. Sec. Litig., No. 02 Civ. 3288(DLC), 2004 U.S. Dist. LEXIS 25125, at *13 (S.D.N.Y. Dec. 15, 2004); see also In re Wireless Tel. Servs. Antitrust Litig, No 02 Civ. 2637(DLC), 2004 WL 2244502, at *4 (S.D.N.Y. Oct. 6, 2004).  Indeed, case law indicates that where the plaintiff has been afforded a prior opportunity to amend the complaint, the district court's discretion to deny leave to amend is "particularly broad."  Fidelity Fin. Corp. v. Federal Home Loan Bank, 792 F.2d 1432, 1437-38

(9th Cir. 1986); see also Hall v. United Technologies, Corp., 872 F. Supp. 1094, 1101-02 (D. Conn. 1995) (collecting cases).

Given the pleading history here in this District, the Colorado State Court proceedings, the three companion actions in the Central District of California, the class action suit and settlement, and a 5 year bankruptcy case, it is now time to call a halt. The Court finds that the April, 2009 amendment was not on consent and that in filing the First Amended Complaint, Plaintiffs exercised their single "as of right" to amend, pursuant to Rule 15. Treating new counsel's letter as a request for leave to file for yet another pleading—really what amounts to a fourth complaint—the Court denies leave.

As indicated at the conference on September 23, 2009, however, the Court will grant new counsel's September 8, 2009 request that its letter of that date and the proposed Second Amended Complaint be treated as Plaintiffs' response to the Defendants' motions to dismiss. (9/23/2009 Tr., pg. 17-18; pg. 22, ll 12-17). New counsel's September 8, 2009 letter, however, spends little time in defending the adequacy of the First Amended Complaint; or responding to the motions to dismiss. Rather, it devotes its energy to explaining why "as set forth in the Second Amended Complaint," the deficiencies in the April pleading are remediated and corrected. As previously indicated, however, the Court will not grant leave to file a new complaint. In any event, new counsel's arguments based on what could be are not persuasive.

The Court grants the Marvel Defendants' and the Lee and Lieberman Defendants' motions to dismiss the First Amended Complaint of April, 2009.

(1) Plaintiffs Lack Derivative Standing to Sue.

The heart of the alleged wrongdoing is the transfer to Marvel by Stan Lee of what Stan Lee had previously conveyed to and thus belonged to SLMI. That transfer occurred in 1998, but

9

Abadin and Belland did not acquire their SLMI shares until 1999, more than a year after the purported illegal conduct. Plaintiffs did not own stock at the time of the complained of transaction, and accordingly they lack the requisite standing under the Federal Rules of Civil Procedure and Colorado law. In Re Bank of New York Derivative Litigation, 320 F.3d 291, 298 (2d Cir. 2003) ("[A] plaintiff must have owned stock in the corporation throughout the course of the activities that constitute the primary basis of the complaint . . . [A] proper plaintiff must have acquired his stock in the corporation before the core of the allegedly wrongful conduct transpired").[4]

   (2)  Claims Against Lee and Lieberman Have Been Previously Filed.

Plaintiffs were included within a defined Rule 23 Class in Kouretchian v. Lee, 01 Civ. 1621, filed in the District Court for the Central District of California. The action, which asserted federal securities claims against Lee and others, was settled. The settlement included all purchasers of SLMI stock during the period from August 23, 1999 to December 18, 2000. This includes both Abadin and Belland. Indeed, Belland made a claim and was compensated. The class members released all of their claims (whether direct, indirect, or derivative), which had been or could have been made. Plaintiffs' claims against Lee and Lieberman (clearly a "related party" under the terms of the settlement agreement) are barred under the terms of the settlement.

---

[4] It is doubtful whether the two named Plaintiffs can be said to "fairly and adequately represent the interests of" absent shareholders, as required by Fed. R. Civ. P. 23.1(a). Both are close associates of Peter F. Paul who stands convicted on his plea of guilty to securities fraud: manipulating SLMI stock. The same may be said of the four additional corporate entities in the proposed Second Amended Complaint (Excelsior Productions Inc., Continental Entities Inc., Hollywood Holdings Corp., and PFP Family Holdings L.P.) who have the same deficiencies found in Abadin and Belland. According to the indictment to which Paul pled guilty, he created the nominees which were then used in his conspiratorial scheme to manipulate SLMI stock. At least two of the nominees were created post 1998. (See Shore Affidavit, Ex. I, pp. 5-10). These 4 entities cannot be allowed to serve in a fiduciary capacity; and they do not cure the deficiencies of Abadin and Belland.

  (3) Copyright Claim (Count I).

In the October 1998 agreement, Lee agreed to work for his lifetime for SLMI and assigned SLMI ownership of characters he owned then or might create thereafter. Notwithstanding the "until-death-do-us-part" agreement, California law limits personal service contracts to 7 years (Cal. Labor Code § 2855a). Lee's obligations were statutorily terminated in 2005. There can be no attempt to enforce this contract beyond the statutory term.

In January 2001, Lee wrote to SLMI claiming that SLMI was in complete breach of the salary and benefit provisions, <u>inter</u> <u>alia</u>, of the 1998 agreement so that he was justified in terminating the agreement. The breach of the 1998 employment agreement is governed by the California statute of limitations, which is 4 years. The statute ran as of 2005, well before this lawsuit was commenced. Furthermore, a fair reading of the amended complaint (¶¶ 84-86; 91; 96-99; 101-103) suggests that Lee has been using his own characters since at least 1999. Plaintiffs cannot wait a decade to enforce their rights. The copyright claim is barred by the statute of limitations and the doctrine of laches and estoppel.[5]

---

[5] With regard to Defendants' arguments about the statute of limitations, Plaintiffs' new counsel blithely asserts that the statute has been tolled "pursuant to various statutory and common law doctrines" or, alternatively, should be tolled on the grounds of "fairness." But making these arguments without specifying which statute or doctrine is operative, on which claims and why, is hardly adequate. And it is certainly not appropriate to obliterate the statute of limitations on the grounds of fairness. As all of the Complaints make clear (2007, 2009, First Amended, Second Amended), Lee's and Marvel's alleged conduct was neither secret nor clandestine; but rather open and notorious. For example, SLMI knew that Lee was not compliant with his 1998 agreement; SLMI knew Lee terminated the 1998 agreement in January, 2001; SLMI knew it was not receiving any royalties from Marvel; and SLMI knew that Lee was not cooperating with the bankruptcy proceeding. There is no reason to toll the statute of limitations on any of the Counts asserted in the Complaint. Further, there is every reason to apply the doctrine of laches and estoppel to Plaintiffs' claims: they have waited too long and it is now time to bring this matter to a close.

(4) Lanham Act Claims Against Lee and Marvel (Count II).

The pleading of the alleged Lanham Act violation is inadequate. The allegation of "Stan Lee's interest, if any, in the Marvel trademark" (Am. Compl., ¶ 106) is clearly insufficient, especially in view of the record facts. Further, whatever violation is alleged, it occurred no later than October or November, 1998. The applicable statute of limitations is six years. The Complaint alleges the defendants' violations have been open and notorious (Am. Compl., ¶¶ 25-26; 110-115); and accordingly, there is no basis for tolling of the statute. New counsel's argument that Plaintiffs' claims did not accrue prior to 2007, when other shareholders filed a previous lawsuit which was dismissed in 2008, is completely at odds with the law. Causes of action accrue when the wrong has been committed, not when the lawsuit is started.

(5) Breach of Contract (Count III).

The complaint alleges that Lee breached his employment agreement. As previously indicated, the "until-death-do-us-part" term of employment violates the durational limitations of California Labor Law. There is absolutely no doubt that Lee terminated the 1998 agreement in writing in 2001. The statute of limitations began running at that time. It has now expired.

(6) Tortious Interference with Contract (Count IV).

Plaintiffs' claims of tortious interference with the October 15, 2008 agreement are insufficient. There are no facts alleged which give rise to a plausible inference of Marvel's knowledge. Further, the Marvel contract occurred in November 1998, and the three year statute of limitations accrued no later than that date. The statute expired in 2001; and there is no reason to toll the statute. As to Lieberman, the claim is dismissed

as being too vague and conclusory. Further, as set forth in paragraph 8, <u>infra</u>, Lieberman was acting as counsel to Lee.

(7) Breach of Fiduciary Duty (Count V).

Count V alleges that Lee breached a fiduciary duty owed to SLMI during the bankruptcy proceeding in the Central District of California. The claim is redundant to Plaintiffs' other claims. The alleged breach arises out of the failure to disclose SLMI's assets to the bankruptcy court and assumes that SLMI had such assets. This is precisely the allegation made with regard to the contract claim and the copyright claim. Moreover, the New York statute of limitations on fiduciary claims where monetary relief is sought is 3 years. Finally, the claim here is internally inconsistent with other allegations. It is neither clear nor plausible how Lee could have breached a fiduciary duty with respect to his disclosure obligations in bankruptcy court, when he had already terminated his employment contract (2001) and been allegedly acting in open violation of his 1998 contract almost from the date of signing.

(8) Aiding and Abetting Breach of Fiduciary Duty (Count VI).

The pleading is bereft of factual allegations that Marvel knew of Lee's alleged breach of fiduciary duty. The allegations are wholly conclusory. Further, any claim here would have accrued as of the date of the Marvel contract—November 1998. There is a three year statute of limitations, which ran as of 2001. Here as well, there is no good reason for tolling. With respect to Lee, as set forth with Count V (paragraph 7, <u>supra</u>), there is not a sufficient plausible allegation of a breach of fiduciary duty. He obviously cannot aid and abet himself. As to Lieberman, he functioned as Lee's attorney. He owed

no fiduciary duty to SLMI. In the absence of an allegation of malice in his advice to Lee, he cannot be held liable as an aider and abettor.

(9) Constructive Trust and Accounting (Counts VII and VIII).

The imposition of a constructive trust and an accounting are remedies for wrongs; and not wrongs themselves. Since Counts I-VI are dismissed, there is no basis for the relief sought in Counts VII and VIII. Further, substantially all of the alleged wrongs are barred by the statute of limitations. Accordingly, there is no basis for imposing a constructive trust or requiring an accounting.

Leave to file the Second Amended Complaint dated September 8, 2009 is DENIED. The Court GRANTS the Marvel defendants' and the Lee and Lieberman defendants' motions to dismiss in their entirety. The Amended Complaint dated April 29, 2009 is dismissed. The Clerk is directed to enter judgment dismissing this case.

Dated:  New York, New York
        March 31, 2010

SO ORDERED

PAUL A. CROTTY
United States District Judge